UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division

**TAYLOR RENAE HUEY,**
   Petitioner,

v.              Civil Action No. 4:05cv1
                Criminal Action No. 4:02cr80

**UNITED STATES OF AMERICA,**
   Respondent.

## ORDER AND OPINION

Currently before the court is Taylor Renae Huey's petition to vacate, set aside or correct a sentence previously imposed, pursuant to Title 28, United States Code, Section 2255. The petition is timely within the requirements of the Antiterrorism and Effective Death Penalty Act of 1996, 110 Stat. 1214 (1996). The petitioner argues that she received ineffective assistance of counsel. Because the record conclusively demonstrates that the petitioner is not entitled to relief, the court declines to hold an evidentiary hearing. See R. Governing § 2255 Proceedings in U.S. Dist. Cts. 8(a). For the reasons set forth below, Huey's petition is **DENIED**.

**I. Factual Background**

On June 20, 2002, petitioner was indicted on several charges relating to a conspiracy to commit robbery: Count 1: conspiracy to commit robbery, in violation of Title 18, United States Code Section 1951; Counts 2, 4-6, and 8-19: interference with commerce by robbery, in violation of Title 18, United States Code Sections 1951 and 2; and Counts 3 and 7, using and brandishing a firearm during a crime of violence, in violation of Title 18, United States Code Sections

924(c)(1)(A)(ii), (c)(1)(C), and 2.  On August 9, 2002, pursuant to a written plea agreement reached with the United States, petitioner pleaded guilty to the conspiracy count and the 13 robbery counts.  In accordance with the plea agreement, the other charges against petitioner were dismissed by this court.

Prior to sentencing, a presentence report was prepared by the Probation Office of this court.  On January 6, 2003, petitioner appeared for sentencing.  Petitioner objected to not having received a three-point reduction in her offense level for acceptance of responsibility and this court determined that she qualified for such a reduction.  Petitioner also objected to not having received a four-point reduction for taking a minimal role in the offense, pursuant to U.S.S.G. § 3B1.2(a).  This court determined that her role in the robberies was not minimal, and therefore denied her objection.

This court then considered the United States' motion for upward departure, pursuant to U.S.S.G. § 3D1.4.  The United States argued that, under the procedure used for determining the offense level on multiple counts, ten robberies were not taken into account in calculating petitioner's offense level.  Because each robbery was grouped separately, there were a total of 16 units, yet under the relevant guidelines, any additional units in excess of five has no effect on a defendant's offense level.  See U.S.S.G. § 3D1.4.  The court accepted the United States' reasoning and granted its motion for upward departure, noting the severity with which robbery is treated in Virginia state courts.  Thus, petitioner's offense level was increased by ten points.  Based on an adjusted offense level of 40 points and a criminal history category of I, petitioner's guideline range was 292 to 365 months.  Accordingly, this court sentenced petitioner to a term of imprisonment of 292 months.

Although petitioner, as part of her plea agreement, waived her right to appeal any sentence imposed within the statutory maximum for the offense, she filed notice of an appeal of this court's decision at sentencing on January 14, 2003. The Fourth Circuit granted the United States' motion to dismiss petitioner's appeal on August 27, 2003. Petitioner then filed a petitione for writ of certiorari to the United States Supreme Court on December 4, 2003. The Supreme Court denied certiorari to petitioner on January 21, 2004.

## II.   Procedural History

On or about January 24, 2005, petitioner filed the instant petition to vacate, set aside, or correct her sentence, pursuant to 28 U.S.C. § 2255. On February 22, 2005, petitioner filed a memorandum of points and authorities in support of her petition. In her petition, petitioner alleges that she received ineffective assistance from her retained counsel and that, were it not for her attorney's alleged errors, she would not have pleaded guilty. On April 8, 2005, this court ordered the United States to respond to the petition.

The United States filed a response to the petition on June 6, 2005, wherein it moved for dismissal of petitioner's claims without a hearing. On June 20, 2005, petitioner filed a reply to the United States' response.[1] The matter is now before this court.

## III.   Standard of Review

---

[1] Although petitioner was given 20 days from the time of the United States' response in which to file a reply, if desired, her reply brief was not received by the Clerk of this court until July 5, 2005, and was therefore filed subject to defect. However, petitioner has dated her reply brief June 20, 2005, and this court will consider it as filed timely.

A petitioner collaterally attacking her sentence or conviction bears the burden of proving that her sentence or conviction was imposed in violation of the United States Constitution or laws, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack. 28 U.S.C. § 2255. A claim of ineffective assistance of counsel may, however, be properly brought on a § 2255 petition. United States v. DeFusco, 949 F.2d 114, 120-21 (4th Cir. 1991). An evidentiary hearing is not required in this case because the case file, along with the court's recollection of the case, are adequate to dispose of the matter. See R. Governing § 2255 Proceedings in U.S. Dist. Cts 8(a); Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977).

### IV. Analysis

The Sixth Amendment provides, in relevant part, that: "In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. CONST. amend. VI. The Sixth Amendment right to counsel includes the right to the effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 686 (1984). The Supreme Court's standard for assessing ineffective assistance of counsel claims is "highly deferential." Id. See Kimmelman v. Morrison, 477 U.S. 365, 382 (1986) (discussing the Strickland standards). There are two prongs to the Strickland test: performance and prejudice. To establish a claim for ineffective assistance of counsel, petitioner must prove both: (1) that her attorney's conduct fell below an objective standard of reasonableness; and (2) that the attorney's deficient performance caused her prejudice. Strickland, 466 U.S. at 687-91.

Actual prejudice is demonstrated by showing "a reasonable probability that, but for

counsel's unprofessional errors, the result of the proceeding would be different." Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. Under Strickland, "there exists a strong presumption that counsel's conduct was within a wide range of reasonably professional conduct, and courts must be highly deferential in scrutinizing counsel's performance." Kratsas v. United States, 102 F. Supp. 2d 320, 322 (D. Md. 2000) (citing Strickland, 466 U.S. at 688-89). Most importantly, the burden of proof lies with the petitioner. United States v. Allgood, 48 F. Supp. 2d 554, 558 (E.D. Va. 1999). A petitioner's conclusory statements will not suffice to prove that there is a reasonable probability that the outcome of her trial would have been different in the absence of her counsel's alleged errors.

A petitioner who alleges ineffective assistance of counsel following a guilty plea has an even higher burden to meet. See Hill v. Lockhart, 474 U.S. 52, 59 (1985); Fields v. Attorney Gen. of Md., 956 F.2d 1290, 1297-98 (4th Cir. 1992). Such a petitioner must demonstrate "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59. In evaluating a claim of ineffective assistance of counsel made after a guilty plea, statements made under oath, such as those made in a Rule 11 proceeding, are binding on the petitioner "[a]bsent clear and convincing evidence to the contrary." Fields, 956 F.2d at 1299. That a plea bargain is "favorable" to a defendant and that accepting it was "a reasonable and prudent decision" is evidence of the "voluntary and intelligent" nature of the plea. Id.

In the instant case, although petitioner makes numerous claims about her counsel's alleged ineffectiveness, they all revolve around an agreement that had allegedly been reached between petitioner's attorney, Mr. Kevin Shea, and the Assistant United States Attorney wherein

petitioner would plead guilty to certain offenses and be sentenced to between seven and ten years imprisonment. Although there exists no evidence that such an agreement was ever made, petitioner insists that Mr. Shea had promised her that her sentence would be between seven and ten years, and that had she known that she was facing a sentence anywhere near the length of the one she received, she would not have pleaded guilty.

In support of her allegations, petitioner has attached affidavits to her petition from both her mother and her aunt, attesting to their belief that Mr. Shea had promised petitioner that her sentence would be in the range of seven to ten years. See Affidavits of Sherry Huey and Cynthia Cutler. In response, the government has provided affidavits from both Mr. Shea and his office manager, James Wiley. See Affidavits of Kevin P. Shea and James E. Wiley. Although the substance of these affidavits conflict with the petitioner's attestations and the affidavits of her mother and aunt, the court finds that such conflict does not amount to a material issue of fact. See Gaskins v. McKellar, 916 F.2d 941 (4th Cir. 1990); Ellis v. Picklesimer, 135 F.Supp. 2d 717, 720 (M.D. N.C. 2000).

Although petitioner argues vehemently that she has the right to an evidentiary hearing in the matter, no such right exists. Despite the presence of conflicting affidavits submitted by the parties, it is clear that the affidavits of petitioner's counsel and his office manager are supported by independent evidence that is completely contrary to the claims of the affidavits of petitioner's mother and aunt. See United States v. White, 366 F.3d 291, 296 (4th Cir. 2004) (noting that a court may view a petitioner's allegations against the record of the plea hearing to determine whether the allegations are patently frivolous or false in light of affirmations made by petitioner); Ellis, 135 F.Supp. 2d at 720 (finding that no evidentiary hearing was required when substantial

independent basis existed for crediting counsel's affidavit over petitioner's affidavit). The court observes that there is no record of any secret plea agreement arranged between Mr. Shea and the United States. Indeed, it is truly a fantastic assertion on the part of petitioner that her attorney would commit the kind of fraud she alleges. In contrast to the claims made in her § 2255 petition, the court observes that petitioner's statements under oath at the Rule 11 colloquy affirm both her satisfaction with Mr. Shea's assistance and her understanding that any sentencing estimate given to her by Mr. Shea was simply a guess on his part.

In determining that there exists substantial independent support for the affidavits submitted by the United States, the court is mindful that "[a] defendant's solemn declarations in open court affirming [a plea] agreement . . . 'carry a strong presumption of verity.'" United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005) (quoting White, 336 F.3d at 295). This is "because courts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy." Id. Except in the case of extraordinary circumstances, allegations in a § 2255 petition that directly contradict the sworn statements made by a petitioner during a properly conducted plea colloquy are always "palpably incredible" and "patently frivolous or false." Id. See also Crawford v. United States, 519 F.2d 347, 350 (4th Cir. 1975) (ruling that "the district court was not required to conduct an evidentiary exploration of the truth of an allegation in a § 2255 motion which amounted to no more than a bare contradiction of statements made by [the petitioner] when he pleaded guilty.")

In the instant case, petitioner signed a written plea agreement with the government indicating that she was pleading guilty to the conspiracy count and the 13 robbery counts. At the Rule 11 colloquy, when asked by the court if she had read the plea agreement, petitioner

answered that she had. When asked if her attorney had fully explained the plea agreement to her, she again answered affirmatively. After reviewing the plea agreement with the petitioner, the court proceeded to inquire into the motivation that petitioner had for pleading guilty. Significantly, the court had the following exchange with the petitioner:

> The Court: Has anyone, including your attorney or the United States Attorney, made any promise of leniency or promise of any kind in return for your plea of guilty, other than what is contained in the written plea agreement?
> The Defendant: No.
> The Court: Has anyone threatened you in any way or used force against you to induce you to plead guilty?
> The Defendant: No.
>
> ***
>
> The Court: Do you understand that a presentence report must be prepared by the probation office of this court setting forth your personal history as well as the facts of this case?
> The Defendant: Yes.
> The Court: And do you understand that until such a presentence report is completed, it's impossible for either the court or your lawyer to know precisely what sentence range will be prescribed by the guidelines?
> The Defendant: Yes.
>
> ***
>
> The Court: Now, do you understand that at this point it's unlikely that [your attorney] can be specific as to the guidelines which will apply because he may have [sic] not have all of the necessary information, and he has not seen a presentence report?
> The Defendant: Yes.
> The Court: Do you understand that you will not be able to withdraw your plea on the ground that his prediction as to the guideline range prove [sic] to be in error or inaccurate?
> The Defendant: Right.

Plea Hearing Tr. 15-19 (Doc. No. 23).

Petitioner clearly acknowledged that she knew that at the time of her plea her eventual sentence remained uncertain. She further acknowledged that no other promises had been used to induce her to plead guilty other than the plea agreement that was before the court. "[I]n the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11

8

colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." Lemaster, 403 F.3d at 221-22.  Petitioner's allegations, that her attorney had promised that her sentence would be between seven and ten years and that he had entered into a secret plea agreement with the government confirming this, are belied by the facts and by her sworn statements at the Rule 11 hearing in her case.

  Additionally, the United States has attached a letter sent by the Assistant United States Attorney assigned to the case, Ms. Sherrie Capotosto, to Mr. Shea, petitioner's attorney.  The letter clearly states that, by the government's calculation, petitioner was facing life plus 32 years imprisonment if convicted on all the counts in the indictment against her.  Petitioner is simply wrong in asserting that she was not facing so severe a penalty.  Although the guideline range suggested in petitioner's presentence report was 135-168 months, the United States filed a motion for upward departure from the sentencing guidelines, which this court granted on the basis that the sheer quantity of the offenses committed by petitioner were not accurately accounted for in calculating her guideline range.  Again, petitioner's statements at the Rule 11 colloquy clearly indicate that she was aware that her sentence had yet to be determined and that her attorney would be unable to give her a specific estimate of her sentencing range until the presentence report had been prepared.

  Even though petitioner's sentence was in excess of the range called for in the presentence report, petitioner's claim that she believed she was only facing seven to ten years imprisonment is belied by the presentence report's recommendation, which indicated that the lower end of her guideline range was still more than 11 years imprisonment.  Even assuming, *arguendo*, that

petitioner had truly believed she was only facing a maximum of ten years imprisonment, the presentence report made it abundantly clear to her that such a belief was in error.

Because petitioner's entire claim rests on her allegations of a secret plea agreement and the purported guarantees of a lesser sentence therein, and these allegations are directly contradicted both by independent evidence and petitioner's own statements made under oath, petitioner's claim of ineffective assistance of counsel is denied.

V. **Conclusion**

For the reasons stated on the record, and for those discussed above, the petition is **DENIED** and **DISMISSED**. Finding no substantial issue for appeal concerning the denial of a constitutional right affecting the conviction, nor a debatable procedural ruling, a certificate of appealability is **DENIED**.

The Clerk is **REQUESTED** to send a copy of this Order to the petitioner and to the United States Attorney, Eastern District of Virginia, World Trade Center, Suite 1800, 101 West Main Street, Norfolk, Virginia 23510 .

The petitioner is **ADVISED** that she may appeal from this final Order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. Said written notice must be received by the Clerk within sixty (60) days from the date of this Order.

It is so **ORDERED**.

          /s/
Jerome B. Friedman
UNITED STATES DISTRICT JUDGE

July 15th, 2005
Norfolk, Virginia