UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division

**TAYLOR RENAE HUEY,**
        **Petitioner,**

v.                                                                       Civil Action No. 4:05cv1
                                                                      Criminal Action No. 4:02cr80

**UNITED STATES OF AMERICA,**
        **Respondent.**

## ORDER AND OPINION

Currently before the court is Taylor Renae Huey's "Motion Seeking Permission to Take Leave to Supplement/Amend Her Now-Pending 28 U.S.C. § 2255" pursuant to Federal Rule of Civil Procedure 15(a) and (d) filed on July 19, 2005. In this motion, the petitioner asks this court to allow her to supplement her section 2255 petition as a result of new evidence obtained from the government that supports her original claim of ineffective assistance of counsel.

### I. Background

On June 20, 2002, petitioner was indicted on several charges relating to a conspiracy to commit robbery: Count 1: conspiracy to commit robbery, in violation of Title 18, United States Code Section 1951; Counts 2, 4-6, and 8-19: interference with commerce by robbery, in violation of Title 18, United States Code Sections 1951 and 2; and Counts 3 and 7, using and brandishing a firearm during a crime of violence, in violation of Title 18, United States Code Sections 924(c)(1)(A)(ii), (c)(1)(C), and 2. On August 9, 2002, the petitioner pleaded guilty pursuant to a written plea agreement to conspiracy to commit robbery (Count 1) and interference with commerce by robbery (Counts 2, 4-6, and 8-19).

1

Prior to sentencing, a presentence report was prepared by the Probation Office of this court. On January 6, 2003, petitioner appeared for sentencing. Petitioner objected to not having received a three-point reduction in her offense level for acceptance of responsibility, and this court determined that she qualified for such a reduction. Petitioner also objected to not having received a four-point reduction for taking a minimal role in the offense, pursuant to U.S.S.G. § 3B1.2(a). This court determined that her role in the robberies was not minimal, and therefore denied her objection.

This court then considered the United States' motion for upward departure, pursuant to U.S.S.G. § 3D1.4. The United States argued that, under the procedure used for determining the offense level on multiple counts, ten robberies were not taken into account in calculating petitioner's offense level. Because each robbery was grouped separately, there were a total of 16 units, yet under the relevant guidelines, any additional units in excess of five has no effect on a defendant's offense level. See U.S.S.G. § 3D1.4. The court accepted the United States' reasoning and granted its motion for upward departure, noting the severity with which robbery is treated in Virginia state courts. Thus, petitioner's offense level was increased by ten points. Based on an adjusted offense level of 40 points and a criminal history category of I, petitioner's guideline range was 292 to 365 months. Accordingly, this court sentenced petitioner to a term of imprisonment of 292 months.

Although petitioner, as part of her plea agreement, waived her right to appeal any sentence imposed within the statutory maximum for the offense, she filed notice of an appeal of this court's decision at sentencing on January 14, 2003. The Fourth Circuit granted the United States' motion to dismiss petitioner's appeal on September 23, 2003. Petitioner then filed a petition for writ of certiorari to the United States Supreme Court on December 4, 2003. The Supreme Court denied certiorari to petitioner on January 23, 2004.

In her original section 2255 petition, the petitioner made numerous claims about her counsel's alleged ineffectiveness. However, they all revolved around an agreement that had allegedly been reached between petitioner's attorney, Mr. Kevin Shea, and the Assistant United States Attorney wherein petitioner would plead guilty to certain offenses and be sentenced to between seven and ten years imprisonment. The petitioner insisted that Mr. Shea had promised her that her sentence would be between seven and ten years, and that had she known that she was facing a sentence anywhere near the length of the one she received, she would not have pleaded guilty. On July 15, 2005, finding no evidence to support the petitioner's claim, this court denied her petition.

However, the petitioner filed the instant motion to amend on July 19, 2005. Given the fact that the petitioner's motion is post marked July 14, 2005, the court assumes that the court's July 15th order and the petitioner's motion to amend crossed in the mail. Thus, the petitioner was unaware that the court had already ruled on her petition at the time that she filed her motion to amend.

In the instant motion to amend, the petitioner alleges that her attorney never informed her of a prior plea offer, which is set forth in the July 17, 2002 letter that the government submitted to this court when it responded to the petitioner's original petition. This prior plea offer from the government to the petitioner's counsel, Kevin Shea, gave the petitioner the opportunity to plead guilty to conspiracy, four robberies and one 924(c) charge. The letter requested that the defense contact the government about this offer by July 24, 2002, exactly one week after the date of the letter. However, the petitioner claims that she has never seen this letter, and that Mr. Shea never told her about this offer. Furthermore, the petitioner claims that she never would have pleaded guilty to the additional charges had she known that she could have only pleaded guilty to the charges offered in its July 17, 2002 letter.

On August 18, 2005, noting the possibility of construing the petitioner's motion to amend as a Rule 59(e) Motion to Alter or Amend Judgment, this court ordered the government to respond to the petitioner's motion. On August 29, 2005, the government filed its response, specifically addressing the issue of the prior plea offer set forth in the July 17, 2002 letter. On September 6, 2005, the petitioner filed a reply to the government's response.

## II. Discussion

When a party, within 10 days after entry of a final judgment, files a motion to amend pursuant to Federal Rule of Civil Procedure 15, the court may treat such motion as a motion to alter or amend pursuant to Rule 59(e).  See Rosenzweig v. Azurix Corp. 332 F.3d 854, 864 (5th Cir. 2003); Trotter v. Regents of the Univ., 219 F.3d 1179, 1183 (10th Cir. 2000); Dove v. Codesco, 596 F.2d 807, 809 (4th Cir. 1978); In re David, 1991 U.S. App. LEXIS 15108 (4th Cir.) at *3.  The Fourth Circuit Court of Appeals has recognized three grounds for amending an earlier judgment: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993) (internal citations omitted).

In this case, because the petitioner has filed a motion to amend after this court has already entered a final order denying her section 2255 petition, the court will construe her motion to amend as a motion to alter or amend judgment under Rule 59(e). The petitioner's motion falls under the Fourth Circuit's second ground for amending an earlier judgment as she claims to introduce new evidence.  However, in addressing petitioner's claim, the court is mindful that, "[a] Rule 59(e) motion is not intended to allow for reargument of the very issues that the court has previously decided." Delong v. Thompson, 790 F.Supp. 594, 618 (E.D. Va. 1991).

As stated above, the petitioner claims that her attorney never informed her of a prior plea offer, which is set forth in the July 17, 2002 letter that the government submitted to this court when it responded to the petitioner's original petition. This prior plea offer from the government to the petitioner's counsel, Kevin Shea, gave the petitioner the opportunity to plead guilty to conspiracy, four robberies, and one 924(c) charge. However, the petitioner claims that she has never seen this letter, and that Mr. Shea never told her about this offer. Furthermore, the petitioner claims that she never would have pleaded guilty to the additional charges had she known that she could have only pleaded guilty to the charges offered in its July 17, 2002 letter.

However, the problem with the petitioner's argument is that the July 17, 2002 letter that sets forth the prior plea offer is not new evidence pursuant to Rule 59(e). A party requesting relief based on new evidence under Rule 59(e) must show why such proof could not have been submitted at the time the court considered the original motion. RGI, Inc. v. United Ind., Inc., 963 F.2d 658, 662 (4th Cir. 1992). In this case, the government filed the July 17, 2002 letter as an exhibit to its original June 6, 2005 response to the petitioner's section 2255 petition. Thus, the petitioner had this letter when she filed her original July 5, 2005 reply brief, yet failed to make her argument at that time. Therefore, the petitioner is unable to show why she could not have made this argument at the time the court considered her original section 2255 petition. Accordingly, the petitioner is not entitled to relief under Rule 59(e).

However, even if the petitioner could show that the July 17, 2002 letter was new evidence under Rule 59(e), she would not be entitled to relief because she is unable to meet the prejudice prong of the Strickland test. Under Strickland, to establish a claim for ineffective assistance of counsel, petitioner must prove both: (1) that her attorney's conduct fell below an objective standard

5

of reasonableness; and (2) that the attorney's deficient performance caused her prejudice. Strickland, 466 U.S. at 687-91.

Actual prejudice is demonstrated by showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would be different." Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. Under Strickland, "there exists a strong presumption that counsel's conduct was within a wide range of reasonably professional conduct, and courts must be highly deferential in scrutinizing counsel's performance." Kratsas v. United States, 102 F. Supp. 2d 320, 322 (D. Md. 2000) (citing Strickland, 466 U.S. at 688-89). Most importantly, the burden of proof lies with the petitioner. United States v. Allgood, 48 F. Supp. 2d 554, 558 (E.D. Va. 1999). A petitioner's conclusory statements will not suffice to prove that there is a reasonable probability that the outcome of her trial would have been different in the absence of her counsel's alleged errors. Additionally, if a petitioner is unable to make a showing as to either one of the prongs of the Strickland test, then the court need not address the other prong. Id. at 697.

In this case, even if the court assumed that the petitioner was able to show that her attorney's conduct fell below an objective standard of reasonableness, the petitioner would not be able to meet the prejudice prong of the Strickland test because the plea agreement which she accepted was more beneficial to the petitioner than the prior plea offer set forth in the July 17th letter. The plea offer set forth in the July 17th letter gave the petitioner the opportunity to plead guilty to conspiracy, four robberies and one 924(c) charge. The maximum penalty for this plea offer included twenty years for the conspiracy charge and each of the four robbery charges, for a total one hundred years plus a seven year consecutive mandatory minimum for the 924(c) charge. The subsequent plea offer that the

petitioner accepted allowed her to plead guilty to the conspiracy charge and sixteen substantive robbery charges, but avoided a plea to any of the firearm charges. Thus, the maximum penalty for the accepted plea included twenty years for the conspiracy charge and twenty years for each of the sixteen substantive robbery charges, for a total of 340 years.

From a mathematical point of view, the one hundred years attributed to the conspiracy charge and the four counts of robbery is less than the 340 years attributed to the conspiracy charge and sixteen counts of robbery. However, from a practical standpoint, there is little difference, based on the average life expectancy, between a one hundred year sentence and a 340 year sentence. By accepting the second plea offer, the petitioner benefitted from not having the seven year consecutive mandatory minimum tacked onto any other sentences imposed. Thus, by negotiating a plea agreement that did not include any of the firearm charges, the petitioner's attorney actually negotiated a better plea agreement for the petitioner than the original July 17th offer. Furthermore, because both plea offers required the petitioner to plead to the conspiracy charge, all sixteen charges would have been considered under the Guidelines as relevant conduct. Therefore, there is little difference between pleading to four counts of robbery as opposed to all sixteen counts. Because the petitioner is unable to prove the prejudice prong of the Strickland test, she would not be entitled to relief, even if she could show that the July 17th letter was new evidence pursuant to Rule 59(e). Accordingly, the petitioner's motion to amend based on the July 17th letter must be denied.

### V. Conclusion

For the reasons discussed above, the petitioner's motion is **DENIED**. The Clerk is **REQUESTED** to send a copy of this Order to the petitioner and to the United States Attorney, Eastern District of Virginia, World Trade Center, Suite 1800, 101 West Main Street, Norfolk,

Virginia 23510 .

Because the court has construed the petitioner's motion to amend as a motion under Rule 59(e), the petitioner's time to file a notice of appeal from the court's July 15, 2005 Order was tolled pending the consideration of the instant motion. FED. R. APP. P. 4(a)(4)(A)(iv).  Thus, the petitioner is **ADVISED** that she may appeal from this final Order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510.  Said written notice must be received by the Clerk within sixty (60) days from the date of this Order.

It is so **ORDERED**.

/s/
Jerome B. Friedman
UNITED STATES DISTRICT JUDGE

September 14, 2005
Norfolk, Virginia